# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALAN W. ANDERSON and | § | |
| KELLY ANDERSON | § | |
| | § | |
| V. | § | CASE NO. 4:10-CV-398 |
| | § | Judge Mazzant |
| CITIMORTGAGE, INC., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Alter or Amend Order Pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #36). The Court, having considered the relevant pleadings, denies the motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Alan W. Anderson and Kelly Anderson, *pro se*, filed this lawsuit on July 23, 2010, in state court against CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS"). On August 6, 2010, Defendants removed this action to this Court. On January 24, 2011, Plaintiffs filed a First Amended Complaint (Dkt. #26).

On or about August 26, 2005, Alan Anderson negotiated a loan to purchase real property whereupon he signed a Promissory Note (the "Note") payable to W.R. Starkey Mortgage, LLP. The Deed of Trust for the transaction was recorded on September 2, 2005, for the property located at 411 Oak Brook Drive, Lucas, Texas 75002 (the "Property"). The Deed of Trust names MERS as the "nominee" for Lender and the Lender's successors and assigns. MERS is also named as mortgagee on the Deed of Trust. The Note does not mention MERS.

On June 23, 2010, an Assignment of Mortgage was prepared by a document processing company named Orion Financial Group and signed by a MERS representative in an attempt to

transfer/assign the Deed of Trust and Note to CitiMortgage. Plaintiffs assert that CitiMortgage directed and colluded with the document processing company and the purported MERS representative to fraudulently assign the Deed of Trust and Note to it. The Assignment was filed with the Collin County Clerk's Office on June 29, 2010. Plaintiffs assert that they were never notified of the assignment to CitiMortgage and only became aware of the assignment by accident though their own county records search.

Plaintiffs assert that Defendants knew that they filed false and fraudulent documents with the county clerk to attempt to wrongfully foreclose on the Property. Plaintiffs assert that CitiMortgage has no legal standing to direct and file a foreclosure, and, without that standing, committed fraud. Plaintiffs also allege that W.R. Starkey Mortgage, LLP, who claimed to be the original lender, was not the actual or real lender/creditor but a pretender lender that in reality only received a fee and/or commission payment for marketing home loans.

Plaintiffs assert claims for fraudulent concealment, mail/wire fraud under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c), 18 U.S.C. §§ 1341, 1343, violations of the Real Estate Settlement Procedures Act, ("RESPA") 12 U.S.C. § 2605 et seq., violations of the Fair Debt Collection Practices Act ("FDCPA"), unjust enrichment, declaratory relief, and injunctive relief.

On February 7, 2011, Defendants filed a motion to dismiss (Dkt. #27). On March 7, 2011, Plaintiffs filed a response (Dkt. #30). On March 17, 2011, Defendants filed a reply (Dkt. #33). On March 24, 2011, the Court entered an Order (Dkt. #34) dismissing Plaintiffs' claims and entered a Final Judgment (Dkt. #35).

On April 19, 2011, Plaintiffs filed Plaintiffs' Motion to Alter or Amend Order Pursuant to

Federal Rule of Civil Procedure 59(e) (Dkt. #36) and an additional brief with regard to *pro se* litigants (Dkt. #37). On May 5, 2011, Defendants filed a Response (Dkt. #38).

## II. STANDARD

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir.1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (2d ed.2010); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir.2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993).

## III. DISCUSSION AND ANALYSIS

Plaintiffs essentially argue that each and every holding made by the Court is incorrect and the Court should alter its decision to dismiss Plaintiffs' claims. In the opinion of the Court, Plaintiffs attempt to relitigate the same issues and arguments already addressed by the Court. Plaintiffs do not offer any new arguments to demonstrate that the Court made a manifest error of law. Plaintiffs simply reiterate the same arguments made previously in response to the motion to dismiss. Stating that the Court committed a manifest error of law simply because Plaintiffs disagree with the outcome does not establish that Plaintiffs are entitled to have the Court's judgment altered or amended.

Specifically, the Court disagrees with Plaintiffs' contention that the Court should reconsider Plaintiffs' claim under Section 26505(e) of the Real Estate Settlement Procedures Act ("RESPA"). Motion (Dkt. #36) at 4. Plaintiffs argue the Court dismissed their RESPA claim "because Plaintiffs failed to attach the QWR that was sent to [Defendant] to Plaintiffs' amended complaint, even though the QWR was attached to Plaintiffs' original complaint."[1] *Id*. Plaintiffs argue "Plaintiffs should have been afforded the opportunity to reattach the QWR to the amended complaint."[2] *Id*.

The Court disagrees that Plaintiffs present grounds for disturbing the prior ruling. First, Plaintiffs fail to show that the QWR is "actually newly discovered and could not have been

---

[1] The Real Estate Settlement Procedures Act ("RESPA") requires a "loan servicer" to timely respond to a qualified written request ("QWR") from a borrower. 12 U.S.C. § 2605(e). A QWR is a correspondence that adequately identifies the borrower and provides reasons for the borrower's belief "that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Within 60 days of receiving a QWR, a loan servicer must (a) make appropriate corrections in borrower's account; (b) provide the borrower with a written explanation of why the account is correct and who the borrower may contact for further assistance; or (c) provide the borrower with the information requested, or a written explanation of why the information is unavailable or cannot be obtained by the servicer and who the borrower may contact for further assistance. 12 U.S.C. § 2605(e)(2)(A)-(C).

[2] Plaintiffs allege in the complaint they sent two QWR letters to Defendants. *See* Amend. Comp. (Dkt. #26). The first on January 23, 2010, and the second on March, 24, 2010. *Id*. However, the documents attached to the state court petition only contain a copy of the second letter. *See* Notice of Removal (Dkt. #2) Ex. 1.

discovered earlier by proper diligence." *Infusion Res., Inc.*, 351 F.3d at 696-97. The document that Plaintiffs consider a QWR was attached to the petition filed in state court and appears in the record only in the documents filed by Defendants in support of removal to this Court. *See* Notice of Removal (Dkt. #2) Ex. 1. In Plaintiffs' Amended Complaint (Dkt. #26), the live pleading in this case, Plaintiffs attach no exhibits and do not reference any exhibits with regard to the RESPA claim or any other claim. *See* Amend. Comp. (Dkt. #26) at 11. Defendants, in briefing the motion to dismiss, repeatedly argue the Amended Complaint does not state what specific questions were asked by Plaintiffs, what response was given, what specific violations occurred, and if actual damages occurred. *See* Motion to Dismiss (Dkt. #27) at 8-9; Reply (Dkt. #33) at 3-5. At no time in responding to the motion to dismiss do Plaintiffs ever state that the alleged QWR is in the record or attached to any version of the complaint as an exhibit. Therefore, the Court concludes the alleged QWR is not newly discovered evidence.

Second, the Court declines to reconsider its prior ruling because "the facts discovered are [not] of such a nature that they would probably change the outcome." *Infusion Res., Inc.*, 351 F.3d at 696-97. The document referred to by Plaintiffs does not qualify as a QWR because the document does not provide reasons for Plaintiff's belief "that the account is in error" or provide "sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). The QWR never states that Plaintiffs believe there is an error on the account or a basis for a belief that there is an error on the account. *See* Notice of Removal (Dkt. #2) Ex. 2. at 47-48. The letter is simply a list of twenty items or questions which Plaintiffs want answered. Some of the questions regard the "servicing" of Plaintiffs' loan, but a majority do not.

Further, even if the QWR were incorporated into the complaint, the allegations are still

conclusory and fail to state a plausible claim under RESPA. Plaintiffs allege that Defendants sent them a reply letter in response to their alleged QWR. *See* Amend. Comp. (Dkt. #26) at 11. The complaint contains no allegations stating what information was contained in the reply letter, stating that, "[i]t is obvious from defendants' reply letter, that defendant CitiMortgage directly refused to answer Plaintiffs servicing related questions."[3] *Id*. While the QWR may allege what questions Plaintiffs asked Defendants, the Court sees no reason to change its opinion that the complaint fails to allege "what specific responses were provided by CitiMortgage, what specific violations of RESPA occurred, and what damages resulted from the violation." Order (Dkt. #34) at 9. Therefore, as the addition of the facts contained in the QWR would not change the outcome of the Court's findings, the Court sees no reason to change its prior ruling on Plaintiffs' RESPA claim.

Based upon the foregoing, the Court **DENIES** Plaintiffs' Motion to Alter or Amend Order Pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #36)**.**

**IT IS SO ORDERED.**
**SIGNED this 10th day of June, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[3] The documents attached to the state court petition contain a document that Plaintiffs labeled as "CitiMortgage Email Response." Notice of Removal (Dkt. #2) Ex. 2. at 19. The date on the email is August 21, 2009. *Id*. at 43. According to Plaintiffs' complaint, a QWR letter was sent on January 23, 2010, and March 24, 2010. Amend. Comp. (Dkt. #26) at 11. As the email was sent before the QWR letters were sent, the Court has no reason to believe the email is the reply to which Plaintiffs refer. No other documents attached to the state court complaint appear to be a reply to either QWR.